IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

RANSON CHANDLER, JR.,

*Defendant*.

Criminal No. ELH-13-00091
Civil No.:  ELH-16-2083

## MEMORANDUM

On June 13, 2016, Ranson Chandler, Jr. filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255.  *See* ECF 236 (the "Petition").  The government has filed a response in opposition to the Petition.  ECF 238 (the "Opposition").  Chandler has not replied, and the time to do so has expired.

Under 28 U.S.C. § 2255(b), a hearing is required "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief . . . ."  This is such a case; no hearing is necessary.  For the reasons that follow, I shall deny the Petition.

### Factual and Procedural Background

Pursuant to a plea agreement (ECF 132; ECF 133), Chandler entered a plea of guilty on December 27, 2013 (ECF 131) to two offenses: conspiracy to distribute 500 grams or more of a substance containing cocaine, in violation of 21 U.S.C. § 846 (Count One), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Five).[1]  The plea was entered under Rule 11(c)(1)(C) (ECF 132, ¶¶ 8, 14), in which the parties jointly agreed to a sentence of 63 months incarceration as to Count One, and a consecutive

---

[1] In ECF 238, the government erroneously states that the plea was entered January 3, 2014.  This discrepancy is immaterial.

sentence of 60 months imprisonment as to Count Five. *Id.*  Notably, Count One and Count Five each carry a mandatory minimum term of imprisonment of five years, and the sentence for Count Five must run consecutive to the sentence for Count One.  *See*  21 U.S.C. § 841(b)(1)(B); 18 U.S.C. § 924(c).

Prior to sentencing, the United States Probation Office completed a Presentence Report ("PSR").  *See* ECF 159.  As to Count One, the PSR reflects that Chandler had an adjusted final offense level of 25 and a criminal history category of II, resulting in an advisory sentencing guideline range of 63-78 months' imprisonment as to Count One.  ECF 159 at 9.  And, under U.S.S.G. § 2K2.4(a), the guideline sentence for a violation of 18 U.S.C. § 924(c) is the minimum term of imprisonment required by statute, which in this case is five years, consecutive to any other term of imprisonment.  *Id.* at 7.

At the sentencing held on April 11, 2014, the Court imposed the agreed upon total sentence of 123 months of imprisonment. ECF 173; ECF 174; ECF 175. Thereafter, pursuant to Amendment 782, and by consent of the parties, the sentence as to Count One was reduced to the mandatory minimum of 60 months. ECF 222; ECF 231; ECF 232. Thus, Chandler is now serving a total sentence of 120 months' imprisonment.

### Discussion

In his Petition, Chandler argues that he is entitled to relief under *Johnson v. United States*, ____ U.S. ____, 135 S. Ct. 2551 (2015).  I agree with the government that *Johnson* does not afford any relief to Chandler.

As noted, Chandler was convicted of two offenses and is serving the congressionally mandated minimum for each one.  Count Five, possession of a firearm in furtherance of a drug trafficking crime, constituted a violation of 18 U.S.C. § 924(c)(2).  This section defines the term

"drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.) or chapter 705 of title 46." It does not require a predicate crime of violence, nor does it involve a residual clause. *Id.*

Thus, as the government correctly notes, "*Johnson* has no import on the Petitioner's conviction or sentence." ECF 238 at 3. Indeed, as noted, Chandler is serving the mandatory minimum sentences required by law for each offense, and those sentences do not turn on whether Chandler has a criminal history that includes violent felonies, crimes of violence, or serious drug offenses.

## Conclusion

For the reasons stated herein, the Court shall deny the Petition. A Certificate of Appealability shall not issue. An Order follows.


Date: September 22, 2016                                    _____/s/_____
                                                           Ellen L. Hollander
                                                           United States District Judge